Translated from Russian
To the Competent Authorities
of the United States of America

## REQUEST FOR LEGAL ASSISTANCE

10 March 2004                                                                                               Izhevsk

The Investigative Division of the Investigative Administrative Board under the Ministry of Home Affairs of the Republic of Udmurtia (hereinafter referred to as "MVD RU"), being the political subdivision of the Russian Federation (hereinafter referred to as "RF") is now investigating criminal case No. 17/2628 (please refer to this number in your response), brought on 29.01.2004 against the officers of Mozhga State Unitary Bridge-building Entity, on the basis of crime features stipulated by Part 4 of Article 159, clause "a" of Part 2 of Article 199 of the Criminal Code of the Russian Federation.

Abstract from the Civil Code of the Russian Federation:
"Article 159. **Fraud**
  1. Fraud, i.e. stealing of other's property or obtaining of right in somebody else's property through deception or abuse of confidence, is subject to:
    - penalty in the amount of up to one hundred and twenty thousand roubles or in the amount of the salary or other income of the convict for the period up to one year, or forced labour for up to one hundred and eighty hours, or correctional treatment for the period from six months till one year, or arrest for the period from two till four months, or imprisonment for the period up to two years.
  2. Fraud effected by a group of persons as a collusive action, as well as with causing of a considerable damage to any person is subject to:
    - penalty in the amount up to three hundred thousand roubles or in the amount of the salary or other income of the convict for the period up to two years, or forced labour for from one hundred and eighty hours to two hundred and forty hours, or correctional treatment for the period from one year till two years, or imprisonment for the period up to five years.
  3. Fraud effected by any person as jobbery or on large scale is subject to:
    - penalty in the amount from one hundred thousand to five hundred thousand roubles or in the amount of the salary or other income of the convict for the period from one year to three years, or imprisonment for the period from two to six years with penalty up to ten thousand roubles or in the amount of the salary or other income of the convict for the period up to one month or without such penalty.
  4. Fraud effected by an organized body on specifically large scale is subject to:
    - imprisonment for the period from five to ten years with penalty amounting to one million roubles or in the amount of salary or other income of the convict for the period of up to three years or without such penalty."

Article 199. Tax and Dues Evasion by an Entity
  1. Tax and dues evasion by an entity through failing to file the tax return or other documents subject to compulsory filing in accordance with the legislation of the Russian Federation on taxes and dues, or by specifying of false data, effected on a large scale:
    is subject to imposing of a penalty in the amount between one hundred thousand and three hundred thousand roubles, or in the amount of the salary or other income of the condemned person for the period from one year to two years, or is subject to an arrest for the term from four to six months, or confinement for the term up to two years with deprivation of the right to occupy some particular posts or conduct particular activities for the term up to three years or without such deprivations.
  2. The same action effected:
    a) by a group of persons as a collusive action;
    b) on a specifically large scale, -
    is subject to imposing of a penalty in the amount from two hundred thousand to five hundred thousand roubles, or in the amount of the salary or other income of the condemned

person for the period from one year to three years, or is subject to confinement for the term up to six years with deprivation of the right to occupy some particular posts or conduct particular activities for the term up to three years or without such deprivations.

Note: For the purpose of the present Article, as well as Article 199-1 of the present Code, the sum of taxes and dues shall be deemed of a large scale, provided their amount in any period consisting of three subsequent years exceeds five hundred thousand roubles under condition that the portion of the unpaid taxes and (or) dues exceeds 10 percent of the tax and (or) dues amounts due; or provided their amount exceeds one million five hundred thousand roubles under condition that the portion of the unpaid taxes and (or) dues exceeds 20 percent of the taxes and dues amount due; or provided their amount exceeds seven million five hundred thousand roubles."

In the course of preliminary investigation it was ascertained as follows:

The officers of Mozhga State Unitary Bridge-building Entity (hereinafter referred to as MSUBE) registered at: The Russian Federation, The Republic of Udmurtia, the city of Mozhga, ul. Yuzhnaia 152, during the period between 17 November 2000 and 18 April 2001, effected stealing of budgetary funds in the amount of 3649964 roubles by deceiving of officers of the inland revenue authorities with presenting of forged documents regarding an export transaction.

Besides, the officers of Mozhga State Unitary Bridge-building Entity registered at: The Russian Federation, The Republic of Udmurtia, the city of Mozhga, ul. Yuzhnaia 152, during the period between 17 November 2000 and 14 April 2001, acted with the purpose of exemption from tax in the amount 1350000 roubles by entering of false information into the tax declaration with presenting of forged documents regarding an export transaction.

In the course of the preliminary investigation we have seized contract No. 0900/T10 dated 17.11.2000 between "Nida Enterprises, Ltd." represented by Carlito Dizon, its director, and the Mozhga State Unitary Bridge-building Entity represented by Zhiril Fyodor Viktorovich, its chief.

Besides it was ascertained that "Investment and Tax International" is the registered agent of "Nida Enterprises, Ltd."

For the purpose of thorough examination of the case circumstances, it is necessary to effect some investigative actions and obtain information on the territory of USA.

On the basis of the Treaty between the Russian Federation and the United States of America on Mutual Legal Assistance in Criminal Matters dated 17 June 1999, we hereby request for legal assistance in effecting of the following investigative actions and taking the following measures on the territory of the your State, namely to:

1. Ascertain whether "Nida Enterprises, Ltd." was actually duly registered on the territory of USA at: 32 Loockerman Square, Suite 109, Dover, DE 19904, County of Kent. If yes, then specify its activities and its chiefs. Draw up a Certificate on the information revealed.

2. Upon ascertaining of location of "Nida Enterprises, Ltd.", obtain on demand and forward to us certified copies of the constituent and registration documents.

3. Ask the chief of "Nida Enterprises, Ltd." the following questions as the witness:
- when was the entity incorporated (registered)?
- what activities it conducts?
- Whether they executed contract No. 0900/T10 dated 17.11.2000 with Mozhga State Unitary Bridge-building Entity represented by Zhiril Fyodor Viktorovich;
- If yes, then what were the circumstances of signing of the contract, what was the subject of the contract, the procedures of payments, the procedure of cargo delivery;
- Were there any mutual relations in 2001 between Mozhga State Unitary Bridge-building Entity and "Nida Enterprises, ltd."? Describe if any.

4. Ascertain full details and residential address of Carlito Dizon. In case he actually is the chief of "Nida Enterprises, Ltd.", ask him the questions as set forth in clause 3 as the witness.

If such person is not the chief of "Nida Enterprises, Ltd.", then ask him the following questions:
- whether he executed contract No. 0900/E10 dated 17.11.2000 with Mozhga State Unitary Bridge-building Entity represented by Zhiril Fyodor Viktorovich?
- If yes, then what were the circumstances of signing of the contract, what was the subject of the contract, the procedures of payments, the procedure of cargo delivery;

- Whether he had any mutual relations with Mozhga State Unitary Bridge-building Entity in 2001?
- Whether the signature affixed under the contract is his signature?

5. Verify (confirm or deny) by inspection or otherwise on the territory of your State the testimony of the chief of "Nida Enterprises, Ltd." regarding location of the cargo under the above contract.

6. Obtain on demand the certified copies of Contract No. 0900/E10 dated 17.10.2000 between "Nida Enterprises, Ltd." represented by Carlito Dizon and Mozhga State Unitary Bridge-building Entity represented by Zhiril Fyodor Viktorovich and of payment documents evidencing payments under the contract.

7. Ascertain, whether "Investment and Tax International" is duly registered in USA. If yes, then specify its activities and the chiefs. Draw up a certificate on the information revealed.

8. Obtain on demand and forward to us the certified copies of the constituent and registration documents of "Investment and Tax International".

9. Ask the chief of "Investment and Tax International" the following questions as a witness:
- when was the entity incorporated (registered)?
- what activities it conducts?
- Whether they executed any contracts with Mozhga State Unitary Bridge-building Entity represented by Zhiril Fyodor Viktorovich?
- What relations do they have with "Nida Enterprises, Ltd."?
- What does he know about Contract No. 0900/E10 dated 17.10.2000 between "Nida Enterprises, Ltd." represented by Carlito Dizon and Mozhga State Unitary Bridge-building Entity represented by Zhiril Fyodor Viktorovich?

Please execute the above questioning in writing with affixing the signatures of the persons questioned and of the officer effecting the inquiry.

Please forward the results of the present request to the address of the Investigative Committee under the Ministry of Internal Affairs of Russia. In case of any delay of performing the request, as well as in case of full or partial denial to give the legal assistance, please forthwith inform the Russian party of the causes of such denial.

The information set forth herein is confidential and is given exclusively for administrative use by the reason that it is covered by investigation secrecy requirements. Personally, we guaranty that any materials received from you and any information therein contained shall be applied only for the purpose of investigating of the said criminal case and shall not be applied harmfully for the United States of America or its citizens.

Accept the assurances of our highest consideration. We would like to render legal assistance to you within the framework of the above Treaty.

The address and contact telephone numbers of the Investigative Committee under the Ministry of Home Affairs of Russia: Russian Federation, Moscow, Gazetny pereulok 6. Tel.: 8 – (3412) 42-61-11, fax 8-(3412) 51-13-68.

Documents attached hereto: Copy of Contract No. 0900/T10 dated 17.11.2000 on five lists.

Senior Investigator of the Investigative Division
of the Investigative Administrative Board
of the Ministry of Home Affairs of RU
Lieutenant of Justice          Signature    Kozhevnikova Yu.A.
"APPROVED"
Vice-chief of the Investigative division
Of the Investigative Administrative Board
Of the Ministry of Home Affairs of UR
Lieutenant Colonel of Justice          Signature    Ushakov E.V.
                                                    Shavaliev M.N.

Seal: Ministry of Home Affairs of the Russian Federation. Investigative Administrative Board of the Ministry of Home Affairs of UR. Investigative Division for Investigating of Organized Criminal Acts.